# IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Henry PINEKENSTEIN, Attorney at Law.

Supreme Court

*No. 90-2493-D. Filed March 7, 1991.*

(Also reported in 465 N.W.2d 828.)

## *ORDER*

During the course of this disciplinary proceeding, the respondent, Henry Pinekenstein, filed a petition for the revocation of his license to practice law by consent, pursuant to SCR 21.10(1). In that petition he acknowledged that he could not successfully defend allegations in the complaint of the Board of Attorneys Professional Responsibility (Board) that he had engaged in the following professional misconduct:

representation of multiple parties with conflicting interests, assisting clients in obtaining a loan secured by escrowed funds belonging to a third party, failure to inform his employer of a legal action pending against it and his unauthorized representation of the employer in that action, false statements of fact made to the court concerning his authority to represent a client, failure to act with reasonable diligence and promptness in representing a client in litigation, failure to explain matters to his client to permit her to make an informed decision regarding her right to a jury trial, misrepresentations to his client concerning the status of her matter, failure to protect his client's interests when she obtained successor counsel, failure to respond to a subpoena issued in a motion to reopen the client's case, disbursing estate funds from his trust account to an heir without the knowledge and consent of the personal representative, commingling personal and trust account funds and overdrawing a trust account, failure to render an accounting to the personal representative and successor counsel in an estate, failure to appear and provide documents as ordered by the probate court and misrepresentation to the district professional responsibility committee and failure to cooperate with the Board during its investigation.

The referee recommended that the petition for the revocation of Attorney Pinekenstein's license to practice law by consent be granted and that he be required to pay the costs of this proceeding. Attorney Pinekenstein was admitted to practice law in 1981 and resides in Sturtevant. In 1990 he was suspended from practice for failure to comply with continuing legal education requirements.

IT IS ORDERED that the petition for the revocation of Henry Pinekenstein's license to practice law by consent, pursuant to SCR 21.10(1), is granted and the

license of Henry Pinekenstein to practice law in Wisconsin is revoked, effective the date of this order.

IT IS FURTHER ORDERED that within 60 days of the date of this order Henry Pinekenstein pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding.

IT IS FURTHER ORDERED that Henry Pinekenstein comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.

Marilyn L. Graves
Clerk of Supreme Court